# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 8:15CR-350 |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JOHN PARKS, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on the defendant's Motion to Sever Pursuant to Fed.R.Crim.P. 8 and 14 (#20). On November 19, 2015, the defendant, John Parks, was charged with a two-count indictment. Count I, felon in possession of a firearm on April 21, 2015, and Count II, felon in possession of a firearm on October 23, 2015. Both counts allege a violation of Title 18 U.S.C. § 922(g)(1). On January 22, 2016, the defendant filed his motion to sever counts and the government filed its Response in Opposition to Defendant's Motion to Sever Counts (#25) on February 4, 2016.

## LEGAL ANALYSIS

Parks moves the court for severance of counts I and II and request for separate trials, alleging that Federal Rule of Criminal Procedure 14(a) provides for relief if a joint trial would appear to prejudice the defendant in his defense. The motion further notes that the circumstances surrounding each of the cases are different, that they occurred six months apart, involved different firearms, and could not be said to be part of a common scheme or plan.

The government resists the motion claiming that the joinder of the counts is proper under Rule 8(a) and that severance is not appropriate under Rule 14(a) as Parks has not

established his burden of undue prejudice, and even if the counts were severed, the evidence of the other count would likely be admissible to prove he knowingly possessed a firearm on another occasion.  *See* United States v. Garrett, 648 F.3d 618, 626 (8th Cir. 2011) (finding that evidence that the defendant unlawfully possessed a firearm on one occasion was admissible to prove he knowingly possessed a firearm on another occasion).

While Parks argues the alleged offenses were improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure, a review of the facts and case law causes me to reach the conclusion that the counts are properly joined under 8(a).  The allegations upon which both offenses are based shows the charges to be the same or similar in character.  Rule 8(a) allows a joinder of offenses that are similar in character.  I find the allegations as to each count display a general likeness.

As to Parks' assertion that he will be unduly prejudiced if severance is not granted, I find that he has failed to show that he would be unduly prejudiced.  Where evidence that the defendant has committed one crime would be probative and thus admissible at the defendant's separate trial for the other crime, the defendant does not suffer any additional prejudice if each of the counts were tried together.  United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002); United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001).

In this case I also find that the counts can easily be compartmentalized by a properly instructed jury and any allegation of prejudice as a result of the count or indictment spillover is not grounds for severance as our circuit has ruled that it is presumed that a jury can in fact properly consider each count independently.  United States v. Bear Stops, 997 F.2d 451, 549 (8th Cir. 1993).  I find based upon the facts of this case, Parks will not be unduly

prejudiced by the trying of the two counts together, given that the evidence in each count will well be admissible in separate trials on the other count.

**IT ORDERED:**

1. Defendant's Motion to Sever Pursuant to Fed.R.Crim.P. 8 and 14 (#20) is denied.

2. A party may object to a magistrate judge's order by filing a "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 5th day of February 2016.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge